IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CATERPILLAR, INC                                                                            OPPOSER

vs.                                    Civil No. 6:15-mc-000005

TIGERCAT INTERNATIONAL, INC                                                    APPLICANT

## ORDER

Before the Court is Applicant Tigercat International, Inc ("Tigercat") Motion to Quash Subpoena and Motion For Sanctions. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Robert T. Dawson referred the Motion to the undersigned for decision. The Court having reviewed the pleadings finds the Motion to Quash Subpoena and Motion For Sanctions(ECF. No. 1) should be **GRANTED**.

On June 19, 2015, Opposer, Caterpillar, Inc ("Caterpillar") issued a subpoena commanding the presence of Anthony Iarocci ("Iarocci") for deposition in Hot Springs, AR., on July 9, 2015. ECF No. 1-1. Applicant seeks to quash the deposition because (1) the subpoena was not issued properly, (2) the subpoena seeks to take the deposition in a location beyond the geographical limits set out in F.R.C.P. Rule 45(c)(1), (3) the $40.00 witness fee check fails to adequately compensate Iarocci for his mileage from his home in Ontario, Canada, and (4) the deposition should be done by letter rogatory procedure as provided for under the Hague Convention. ECF No. 1. Because this Court finds the subpoena seeks to take the deposition in a location beyond the geographical limits set out in F.R.C.P. Rule 45(c)(1), the Court will only address this ground.

Iarocci resides in Ontario, Canada. ECF No. 1-1, Pgs. 13-14. Iarocci is President of Tigercat

1

Industries, Inc. and is not employed by Applicant, Tigercat International. *Id.* Iarocci was served with the subpoena while at a four day trade show in Hot Springs, AR. *Id.* Iarocci has only visited Arkansas on a few occasions including this visit in 2015, along with one in 2011 and 2007. *Id.*

Fed.R.Civ.P. 45(c)(1) provides:

(c) Place of Compliance.

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

If a subpoena requires a person to comply beyond these geographical limits, "the court for the district where compliance is required must quash or modify [the] subpoena." Fed.R.Civ.P. 45(d)(3)(A)(ii).

The Court therefore **GRANTS** Applicant's Motion to Quash Subpoena and Motion For Sanctions (ECF No. 1) and quashes the deposition notice for Iarocci. However, the Court will not award any sanctions.

**ENTERED this 8th day of July 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

2